CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 05 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JESSE L. STULTZ, JR., | ) | CASE NO. 4:09CV00014 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's claim for a period of disability and disability income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter GRANTING plaintiff's motion for summary judgment and REMANDING the case to the Commissioner for further proceedings.

In a decision issued on May 23, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, October 24, 2003, and that he met the insured status requirements under the Act through December 31, 2008. (R. 19.) The Law Judge determined plaintiff had the following severe impairments: back pain, headaches, status post amputation of the right third toe, and a slight left hand tremor. (R. 19.) He specifically found that plaintiff's claimed mental impairment do not

"cause more than minimal limitation (sic) in the claimant's ability to perform basic mental work activities..." (*Id.*) The Law Judge further determined that plaintiff did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 20.) The Law Judge found that plaintiff maintained the residual functional capacity ("RFC") to work, except that he cannot work under concentrated exposure to extreme cold, extreme heat, wetness, humidity, noise, vibration, fumes, odors, dusts, gases, poor ventilation, or the like. (R. 20.) Moreover, he cannot work under any exposure to hazards such as unprotected heights or moving machinery, and he has a tremor and weakness in the left, non-dominant hand, which is not constant, but which might interfere with fine manipulation. (R. 20-21.) The Law Judge was of the belief that plaintiff's RFC did not preclude him from performing his past relevant work as a textile worker and a general laborer. (R. 38.) The Law Judge ultimately found that plaintiff was not disabled under the Act. (R. 38.)

Plaintiff appealed the Law Judge's May 23, 2008 decision to the Appeals Council. (R. 6-8.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the

conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge erred in finding that his depression was not a severe impairment. (Pl's Brief, pp. 5-7.) Specifically, plaintiff contends that the record documents his complaints of suffering from depression, and that the condition has more than a minimal effect on his daily activities. (Pl's Brief, p. 6.)

A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities[1]. 20 C.F.R. §§ 404.1520(c), 416.920(c). In other words, an impairment is severe if it is more than "a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 724 F.2d 914, 920 (4th Cir.1984) (emphasis in original). The burden is on the plaintiff to produce medical evidence establishing both the existence and the severity of any claimed impairments and to establish how those impairments affect his functioning. 20 C.F.R. §§ 404.1512(a), 416.912(a).

Plaintiff's depression is well-documented in the record. (R. 280-282, 287, 311, 313, 317, 325, 340, 354, 370.) The record reveals that plaintiff was being treated for depression with Zoloft and Keppra, but that the condition was not controlled by the medication. (R. 312, 316,

---

[1]Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

338, 341, 344, 349, 354-356.)

J. Mytinger, M.D., along with J. Kapur, M.D., a regular treating source at the University of Virginia Health System, examined plaintiff on January 18, 2008. (R. 311-.314.) At that time, Dr. Mytinger noted plaintiff's history of depression and found that plaintiff was suffering an exacerbation of that depression. (R. 312.) The physician noted that plaintiff had not taken any of his medication in two days, which he attributed to the severe depression. (R. 312.) Interestingly, Dr. Mytinger opined that plaintiff's was "often depressed" which was his "most significant problem." (R. 313.) His depression resulted in a "typical" failure to take medication. (R. 313.) The physician concluded that plaintiff is "clearly disabled by his psychiatric illness." (R. 314.)

At the April 8, 2008 hearing, the Law Judge noted that the bulk of plaintiff's medical records were made part of the record just minutes before the hearing. (R. 427.) The Law Judge specifically referenced Dr. Mytinger's notes and the gravity of the opinions contained therein regarding plaintiff's depression. However, the Law Judge revealed a reticence to delay the proceedings further, and stated:

> I'm just pointing out it would be quite helpful to have had [the records] sooner so that we could address the clear issues that appear now to be in front of us and I'm not sure that I have enough to resolve that particular aspect of his case.

(R. 428-429.)

The Law Judge went on to lament that it could take more time to resolve plaintiff's claim in light of this evidence, and proceeded to take further testimony from plaintiff and a vocational expert (VE). (*Id.*) Of course, none of the VE's evidence was based on information the Law Judge lamented not having in the record.

While the Law Judge reasoned, and the Commissioner now contends in his brief, that a GAF[2] score provided by plaintiff's psychiatrist essentially was determinative of whether plaintiff's depression was severe, the undersigned disagrees. (R. 19-20.) A GAF score is not determinative of mental disability or limitation for social security purposes. 65 Fed. Reg. 50746, 50764-50765 (Aug. 21, 2000) ("The GAF score does not have a direct correlation to the severity requirements in our mental disorders listings.") When viewed in light of the Law Judge's remarks on the record of the proceedings, the GAF score should not be the controlling factor under the circumstances in this case because is not sufficient to sustain the finding that plaintiff's depression is not a severe impairment. At the very least, the Law Judge should have taken, and now be required to take, the very steps he outlined, namely a consultative examination, in order to provide plaintiff a full and fair hearing on this issue.

For these reasons, the undersigned RECOMMENDS that an order enter GRANTING the plaintiff's motion for summary judgement and REMANDING the case to the Commissioner for further proceedings.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

---

[2]The GAF ranks psychological, social, and occupational functioning on a hypothetical continuum of mental illness ranging from zero to 100. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (Text Revision 4th ed 2000) ( *DSM-IV* ).

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

_1-5-2010_
Date